IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER S. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 07-1761<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. ) | |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 19th day of February, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on August 25, 2005, alleging disability beginning August 4, 1999, due to right shoulder pain, right arm numbness, neck pain and headaches. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on December 14, 2006. On June 29, 2007, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on October 29, 2007, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 41 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a delivery driver, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of a disorder of the muscle, fascia and ligaments of the right shoulder and headaches, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light to medium work with a number of other limitations. Plaintiff is limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently with his right upper extremity, and he is limited to lifting up to 50 pounds occasionally and 25 pounds frequently with his left upper extremity. In addition, plaintiff is precluded from lifting above shoulder level on the right side. Plaintiff's ability to push and pull is the same as his lifting limitations in his upper extremities. Further, plaintiff can stand, walk and sit up to six hours, but he only can sit one hour at a time before changing positions. Finally, plaintiff is able to frequently bend, squat, kneel, twist and climb ramps and stairs (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ

concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a security guard, parking lot attendant, meter reader or cashier. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work;

and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) he did not properly evaluate plaintiff's subjective complaints regarding the severity of his headaches; (2) he did not adequately explain why he discounted the opinion of plaintiff's treating

physician; and (3) his decision contradicts the vocational expert's testimony. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first contends that the ALJ erred in evaluating his subjective complaints regarding the severity of his headaches. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ thoroughly analyzed plaintiff's subjective complaints regarding his headaches, and explained why he found plaintiff's testimony not entirely credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and reports by his physicians about his symptoms and how they affect him. See 20 C.F.R. §§404.1529(c)(1), 416.929(c)(1); Social Security Ruling 96-7p. Specifically, the ALJ found that plaintiff's subjective allegations concerning the severity of his headaches were not entirely credible for the following reasons: (1) the medical evidence showed that

plaintiff's headaches improved with treatment after he was injured; (2) plaintiff did not receive any specific treatment for his headaches for many years; (3) neurological examinations were within normal limits; (4) one physician who examined plaintiff noted that he magnified his symptoms; and (5) plaintiff was able to run his own business for a time period in 2004-2005.[1] (R. 17).

The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation that he suffers from disabling headaches. Accordingly, the ALJ determined that plaintiff's subjective complaints regarding his limitations were not entirely credible. (R. 17). This court finds that the ALJ adequately explained the basis for his credibility determination (R. 16-17), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next argues that the ALJ failed to adequately explain why he discounted the report of plaintiff's treating physician. Although plaintiff did not identify the treating physician by name, presumably he refers to the opinion of Dr. Ata

---

[1]Contrary to plaintiff's assertion, the ALJ did not disregard plaintiff's subjective complaints concerning the severity of his headaches based only on his brief attempt to run his own business in 2004-2005. The ALJ also found plaintiff's subjective complaints regarding his headaches were not entirely credible for the other four reasons stated herein.

Ulhaq, who stated that plaintiff was temporarily disabled due to degenerative joint disease and chronic pain. (R. 346). As an initial matter, Dr. Ulhaq's opinion was set forth on an employability assessment form for state welfare benefits. Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §§404.1504, 416.904. Here, Dr. Ulhaq's opinion that plaintiff was temporarily disabled simply was set forth on a "check-the-box" form without any objective medical evidence to support his conclusion.

Moreover, contrary to plaintiff's argument that the ALJ rejected Dr. Ulhaq's opinion because he completed the form the first time he examined plaintiff, the regulations permit the ALJ to consider the duration of the doctor-patient treatment relationship in evaluating a doctor's opinion. See 20 C.F.R. §§404.1527(d)(2)(i) and 416.927(d)(2)(i) (generally, the longer a treating source has treated the claimant and the more times he has been seen by a treating source, more weight will be given to the source's medical opinion). Since Dr. Ulhaq only examined plaintiff one time, he was not able to provide a detailed or longitudinal picture of plaintiff's condition. Rather, as the ALJ observed, Dr. Ulhaq's opinion was based in large part on plaintiff's subjective complaints, which the ALJ found were not entirely credible. For all of these reasons, the court finds that

the ALJ correctly concluded that Dr. Ulhaq's opinion was not entitled to controlling weight. (R. 18).

Plaintiff's final argument is that the ALJ's decision contradicts the vocational expert's testimony in response to a hypothetical question asking whether plaintiff would be able to work if he needed to miss one or two days per week because of headaches. In that scenario, the vocational expert responded that plaintiff would be unable to engage in substantial gainful employment.

An ALJ's hypothetical question to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ was not required to rely upon the vocational expert's response to a hypothetical question that precluded plaintiff from working up to two days per week due to headaches because, as discussed above, the ALJ found that plaintiff's subjective complaints concerning his headaches were not entirely credible. Rather, in concluding that plaintiff is not disabled, the ALJ properly relied upon the vocational expert's testimony in response to a hypothetical question that incorporated all of plaintiff's limitations which were supported by the evidence of record, including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Norman J. Barilla, Esq.
111 West Sheridan Avenue
New Castle, PA 16105

Jessica Smolar
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219